**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Clemente ZAVALETA, a.k.a. Oliver**
**Espanol, Defendant–Appellant.**

**No. 03–10679.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Nov. 21, 2006.

USO—Office of the U.S. Attorney, Oakland, CA, for Plaintiff–Appellee.

Nina Wilder, Esq., Weinberg & Wilder, San Francisco, CA, for Defendant–Appellant.

Before: CANBY, NOONAN, and PAEZ, Circuit Judges.

## MEMORANDUM *

Zavaleta pled guilty to a single count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 120 months imprisonment. He now appeals his sentence on the ground that the application of a statutory minimum sentence based on an uncharged and unproven quantity of drugs violated his Sixth Amendment rights. We have jurisdiction under 28 U.S.C. § 1291 and remand for resentencing.

Since Zavaleta did not raise his Sixth Amendment claims in district court, we review the district court's sentencing decision for plain error. *United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc); *United States v. Buckland*, 289 F.3d 558, 563 (9th Cir.2002) (en banc). "Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights." *Ameline*, 409 F.3d at 1078 (internal quotation omitted). We will notice a forfeited error meeting these three conditions only if the error "(4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002)).

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In his plea colloquy, Zavaleta admitted to possessing one kilogram of cocaine. At sentencing, the district court held him responsible for an additional six kilograms of cocaine. These additional six kilograms were suppressed for the purposes of trial, and so were never alleged or proven to a jury. It was plain error to expose Zavaleta to a higher statutory maximum sentence than would otherwise apply on the basis of this uncharged and unproven drug quantity. *See Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

The error also subjected Zavaleta to a statutory minimum sentence that exceeded the low end of the applicable guidelines sentencing range. Under these circumstances, the plain error in this case affected Zavaleta's substantial rights. *United States v. Velasco-Heredia,* 319 F.3d 1080, 1086 (9th Cir.2003).

We have held that when plain error is demonstrably harmful to the defendant, it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See Ameline,* 409 F.3d at 1081. "[I]t is a miscarriage of justice to give an illegal sentence." *Id.* (citing *United States v. Paladino,* 401 F.3d 471, 483 (7th Cir.2005)).

Since the plain error in Zavaleta's sentencing affected his substantial rights and seriously affected the fairness of the judicial proceedings, Zavaleta's sentence must be vacated. In light of our decision to remand for a new sentencing hearing, we need not address Zavaleta's argument that the suppressed evidence should not be considered at sentencing.

We VACATE Zavaleta's sentence and REMAND for resentencing.